# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY C. WALLACE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:19-CV-2576 HEA |
| | ) |
| STAN PAYNE, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's *pro se* Petition for Writ of Habeas Corpus [Doc. No. 1] under 28 U.S.C. § 2254. For the following reasons, the Petition will be dismissed.

On September 12, 2019, Petitioner initiated this action by filing his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, stating one claim for relief. Wallace states his sole claim for relief as "Mental Defect" with no facts for support and just states, "see appeal."

The Federal Rules require clarity in pleadings, including pleadings from self-represented parties. The Rules Governing Habeas Corpus Cases, 28 U.S.C. § 2254, Rule 2(c), requires that a petition "(1) specify all the grounds for relief available to the movant; (2) state the facts supporting each ground; (3) state the relief requested; [and] (4) be printed, typewritten, or legibly handwritten[.]"  Rule 8(a) of the Federal Rules of Civil Procedure requires pleadings in federal courts to contain a short and

plain statement of the claim showing that the pleader is entitled to relief. Rule 8 is applicable to habeas actions pursuant to Rule 12 of the Rules Governing § 2254 and 2255 Cases.

Petitioner woefully fails to substantially comply with the Section 2254 Rules 2(c) and 12 that a petitioner must state specific, particularized facts which entitle him to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review. *See Mayle v. Felix*, 545 U.S. 644, 649, 655-56 (2005) (a "notice pleading" is not enough to satisfy Rule 2(c), because the petitioner is expected to state facts that point to the real possibility of constitutional error); *See also, Adams v. Armontrout*, 897 F.2d 332, 333 (8th Cir. 1990) ("Appellant's repeated references to the entire record were of no assistance whatsoever to the district court, which must decide, based on the face of the petition, whether the claims asserted merit further federal habeas corpus review.").

Petitioner will be given thirty (30) days to refile his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, so long as it complies with this opinion and the Section 2254 Rules.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [Doc. No. 1] is **DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner is given 30 days from the date of this Opinion, Memorandum, and Order to refile his Petition.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 27th day of September, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE